UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTELLECTUAL VENTURES II LLC,

                 *Plaintiff*,

-against-

JPMORGAN CHASE & CO., *et al.*,

                 *Defendants.*

ECF CASE

13 Civ. 3777 (AKH)

**ORAL ARGUMENT REQUESTED**

**DEFENDANTS' MOTION FOR STAY PENDING THE U.S. PATENT & TRADEMARK OFFICE'S REVIEW OF THE PATENTS-IN-SUIT AND SO THAT DISCOVERY CAN CONTINUE TO BE COORDINATED WITH THE NOW STAYED RELATED CASES**

**Table of Contents**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  PRELIMINARY STATEMENT ................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................ 3

    A.  The IPR Proceedings Challenge the Validity of All of the Patents-in-Suit ......... 3

        1.  The '666 Patent: IPR Proceeding Instituted ................................................ 3

        2.  The Remaining Patents-in-Suit: IPR Petitions Pending .............................. 3

    B.  This Case Is at an Early Stage with Most of the Work Lying Ahead .................. 4

    C.  IV Is a Non-Practicing Entity That Does Not Compete with Defendants ............ 5

    D.  The Status of the Six Other Same-Patents Cases Favors a Stay .......................... 5

III. LEGAL STANDARD ................................................................................................... 7

IV. ARGUMENT ................................................................................................................ 8

    A.  This Case is at an Early Stage and a Stay Will Conserve Both Judicial and Private Resources ................................................................................................ 9

    B.  A Stay Will Simplify the Substantial Number of Issues in this Case ................ 10

    C.  A Stay Will Not Unduly Prejudice IV or Place it at a Tactical Disadvantage ... 11

    D.  IV Itself Has Joined in Motions to Stay Four of Its Other Cases Against Banks ................................................................................................................. 12

    E.  Refusing to Stay This Case Will Destroy the Possibility of Coordinating Discovery Among the Seven Same-Patents Cases ............................................ 13

V. CONCLUSION ........................................................................................................... 13

**Additional Supporting Documents:**
Declaration of Tibor L. Nagy, Jr.
Exhibit A—Joint Motion To Stay, *Intellectual Ventures I v. PNC Fin. Servs. Grp., Inc.*
Exhibit B— AIA Progress (May 29, 2014)
Exhibit C—Emails from Plaintiff's counsel regarding coordination of third-party depositions
Exhibit D—Order Granting Stay, *Intellectual Ventures II LLC v. First Nat'l Bank of Omaha*
Exhibit E—Order Granting Stay, *Intellectual Ventures II LLC v. BBVA Compass Bancshares, Inc.*
Exhibit F—Order Granting Stay, *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*
Exhibit G—Order Granting Stay, *Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*
Exhibit H—157 Cong. Rec. S1053-02 (daily ed. Mar. 1, 2011) (statement of Sen. Schumer)
Exhibit I—157 Cong. Rec. S1360-02, 1364 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer)

# Table of Authorities

## Cases

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
   Nos. 12-cv1107, 12-cv-1109, & 12-cv-1110, 2014 WL 1369721 (D. Del. Apr. 7, 2014) .............. 11

*Brixham Solutions Ltd. v. Juniper Networks, Inc.*,
   No. 13-cv-00616, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ............................................ 1, 8, 10

*Capital Dynamics AG v. Cambridge Assocs. LLC*,
   No. 13 Civ. 7766, 2014 WL 1694710 (S.D.N.Y. Apr. 1, 2014) ................................................... 1, 13

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ................................................................................................... 7

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
   No. C-13-4513, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014) ......................................................... 11

*Evolutionary Intelligence, LLC v. Yelp Inc.*,
   No. C-13-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ...................................................... 8

*e–Watch, Inc. v. Lorex Can., Inc.*,
   No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ................................................... 8, 11

*Interface, Inc. v. Tandus Flooring, Inc.*,
   No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) ...................................................... 8, 13

*Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*,
   922 F. Supp. 2d 486 (D. Del. 2013) ............................................................................................ 11

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. 12-1744, 2013 WL 3353984 (D. Del. July 2, 2013) ............................................................... 8, 11

*Norred v. Medtronic, Inc.*,
   No. 13-2061, 2014 WL 554685 (D. Kan. Feb. 12, 2014) ............................................................. 8, 11

*NUTech Ventures v. Norman Noble, Inc.*,
   No. 1:12CV2326, 2013 U.S. Dist. LEXIS 133092 (N.D. Ohio May 30, 2013) ................................ 8

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ................................................................................................... 10

*Pi–Net Int'l, Inc. v. Focus Bus. Bank*,
   Nos. C-12-4958, C-12-4959, & C-12-4962, 2013 WL 4475940 (N.D. Cal. Aug. 16, 2013) ........... 8

*Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*,
   Nos. 1:10CV01370, 1:11CV00082, 1:12CV01068, & 1:12CV01070, 2013 WL 1662952 (N.D. Ohio Apr. 17, 2013) ................................................................................................................... 8

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
   No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ....................................................... 9

*Softview LLC v. Apple Inc.*,
   C.A. No. 12-989 & 10-389, 2013 WL 4757831 (D. Del. Sept. 4, 2013) .................................... 10, 11

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   277 F.R.D. 84 (W.D.N.Y. 2011) ........................................................................................................ 7

*SSW Holding Co. Inc. v. Schott Gemtron Corp.*,
   No. 3:12CV-661, 2013 WL 4500091 (W.D. Ky. Aug. 21, 2013) ...................................................... 8

*Star Envirotech, Inc. v. Redline Detection, LLC*,
   No. SACV 12-1861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ..................................................... 8

*Synchronoss Techs., Inc. v. Asurion Mobile Appls., Inc.*,
   Nos. 11-5811 & 11-6713, 2013 WL 1192266 (D.N.J. Mar. 22, 2013) .............................................. 8

*Versata Software, Inc. v. Volusion, Inc.*,
   No. A-12-CA-893, 2013 WL 6912688 (W.D. Tex. June 20, 2013) ................................................. 13

**Statutes**

35 U.S.C. § 6 ............................................................................................................................................... 7

35 U.S.C. § 311(b) ...................................................................................................................................... 7

35 U.S.C. § 314(b) .................................................................................................................................. 7, 11

35 U.S.C. § 316(a)(11) ................................................................................................................................ 7

**Other Authorities**

157 CONG. REC. S1053,
   2011 WL 709598 (daily ed. Mar. 1, 2011) (statement of Sen. Charles Schumer) ............................. 2

157 CONG. REC. S1360-02,
   2011 WL 797877 (daily ed. Mar. 8, 2011) (statement of Sen. Charles Schumer) ........................... 13

77 FED. REG. 48,612 (Aug. 14, 2012) ........................................................................................................ 7

**Rules**

37 C.F.R. § 42.300, *et seq.* ........................................................................................................................ 2

Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, Chase Bank USA, National Association, Chase Paymentech Solutions LLC, and Paymentech LLC (collectively, "JPMC") respectfully move for a stay of this case.

## I.  PRELIMINARY STATEMENT

This case is not an island unto itself.  The same five patents asserted here (the "Patents-in-Suit") are being asserted against other banks in six other federal district courts (the "Same-Patents Cases")—cases that both sides *agree* should be coordinated with this one for discovery.  The five Patents-in-Suit also are now before the United States Patent and Trademark Office (the "PTO") as a result of thirteen (13) petitions requesting *inter partes* review ("IPR") of the Patents-in-Suit (collectively, the "IPR Proceedings").  The PTO already has granted one of those petitions for one of the Patents-in-Suit, and it shortly will address the remaining twelve (12) petitions and is likely to reach the same result.  As one district judge recently observed, "the vast majority of requests for *inter partes* review are accepted and in virtually all of the cases in which final written decisions have been issued, the PTO has cancelled some or all of the challenged claims."  *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-cv-00616, 2014 WL 1677991, at *1 (N.D. Cal. Apr. 28, 2014); *see also Capital Dynamics AG v. Cambridge Assocs. LLC*, No. 13 Civ. 7766, 2014 WL 1694710, at *2 (S.D.N.Y. Apr. 1, 2014) (staying patent infringement action despite the fact that "[i]t is not this Court's typical practice or inclination to grant stays," and noting that "the PTO has either canceled or amended at least one claim 92% of the time in *inter partes* proceedings").

This case should be stayed pending the outcome of the IPR Proceedings for three reasons. *First*, the IPR Proceedings significantly will reduce the substantial burden and expense of this litigation, without undue prejudice to either side.  For that reason, IV itself has ***joined*** in motions to stay three of its other pending patent cases against banks where *inter partes* proceedings before the PTO have been requested, stating in one of those cases that:

1

- The PTO's "review of the asserted patents is likely to simplify and provide clarity to the claims in this matter.  A stay pending the [] review will ensure that *the Court and the parties do not waste resources by unnecessarily litigating the same claims in the PTO proceedings and in this Court*."

- The completion of the PTO's review "stands to provide relief to both parties, who are currently involved in thorough and complex discovery . . . *neither party to this litigation will suffer undue prejudice from a stay*."

- A "stay will reduce the burden of the litigation on the Court and the Parties."

- A stay pending PTO review "will eliminate *the risk of this Court and the PTO reaching conflicting conclusions on the claims* in this matter, resulting in protracted litigation."[1]

The same is true here.

*Second*, four of the Same-Patents Cases have been stayed in light of the IPR Proceedings, and motions for stays are pending (and almost certainly will be granted) in the other two remaining cases. If this Court refuses to stay this case, everyone will be harmed because coordinated discovery no longer will be possible—among other things, many of the numerous third parties from whom testimony is needed will have to be deposed multiple times.

*Third*, JPMC itself shortly will be filing requests asking the PTO to institute a Covered Business Method Review ("CBMR") of four of the Patents-in-Suit, pursuant to the Transitional Program for Covered Business Method Patents provisions of the America Invents Act (the "AIA"), 37 C.F.R. § 42.300, *et seq*.  Though the IPR Proceedings by themselves warrant a stay here, Congress specifically and emphatically intended that stays be granted pending CBMRs. *See, e.g.*, 157 CONG. REC. S1053, 2011 WL 709598 (daily ed. Mar. 1, 2011) (statement of Sen. Charles Schumer)[2] ("Since the entire purpose of the transitional program at the PTO is to reduce the burden of litigation, *it is nearly impossible to imagine a scenario in which a district court would not issue a stay*."). Consistent with that intent, courts routinely have granted stays pending CBMR, and this Court should do the same here.

---

[1] *See Intellectual Ventures I v. PNC Fin. Servs. Grp., Inc.*, No. 2:13-cv-00740, Joint Motion To Stay (Dkt. No. 64) at 2-3
[2] Attached to the Nagy Decl. as Ex. H.

2

## II. STATEMENT OF FACTS

The IPR Proceedings before the PTO, the relatively early stage of this case, the nature of IV's business, and the status of the six other Same-Patents Cases all strongly favor a stay.

### A. The IPR Proceedings Challenge the Validity of All of the Patents-in-Suit

#### 1. The '666 Patent: IPR Proceeding Instituted

On November 20, 2013, non-party IBM filed a petition requesting IPR of all claims of the '666 Patent. Dkt. No. 62 (Notice of IPR). On April 16, 2014, the Patent Trial and Appeal Board (the "PTAB"), the trial unit of the PTO, issued an Order instituting an IPR proceeding of the '666 Patent after finding that IBM had "established a reasonable likelihood that [it] would prevail" in demonstrating Claims 1–11 are invalid over the prior art. Dkt. No. 96 (Notice of Institution of IPR). Claim 4, the only claim of the '666 Patent asserted against JPMC in this case, is subject to that instituted IPR proceeding.

#### 2. The Remaining Patents-in-Suit: IPR Petitions Pending

Between April 7, 2014, and May 20, 2014, various non-parties—IBM, BBVA Compass Bancshares, Inc. ("Compass"), Commerce Bancshares, Inc. ("Commerce"), and First National Bank of Omaha ("FNBO")—filed twelve (12) additional petitions requesting IPR of each of the four remaining Patents-in-Suit. Dkt. No. 97 (Notice of IPRs). Collectively, these IPR petitions challenge the validity of all claims asserted against JPMC in this case. In fact, between two and four IPR petitions have been filed against *each* of the remaining Patents-in-Suit.

Numerous persuasive independent grounds have been laid out in the IPR petitions for canceling all of the asserted claims of the Patents-in-Suit. And there is a high likelihood that the PTAB will institute IPR proceedings on all of the pending IPR petitions: the PTO has disclosed that for fiscal years 2013 and 2014, 87 percent and 79 percent, respectively, of IPR petitions have resulted in an IPR proceeding being instituted. Ex. B (AIA Progress (May 29, 2014)) at 4.

**B.      This Case Is at an Early Stage with Most of the Work Lying Ahead**

IV filed its Complaint against JPMC on June 4, 2013, alleging infringement of the Patents-in-Suit (Dkt. No. 1), and subsequently filed an Amended Complaint on March 24, 2014 (Dkt. No. 84). IV's Amended Complaint seeks recovery of money damages; it does not include any allegation of irreparable harm, nor does it make a demand for injunctive relief. *Id.* at 17–18. JPMC answered IV's allegations and asserted, among other affirmative defenses, that each Patent-in-Suit is invalid under one or more of the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112. Dkt. No. 34 (Answer) & Dkt. No. 92 (Answer to Amended Complaint).

At the outset, this Court stayed *all proceedings* in this case, including discovery, pending the Court's *Markman* hearing, which was held on March 5 and 6, 2014. Thus, discovery in this case has been underway for only three months, and much work—on behalf of both this Court and the parties—remains to be done. The primary work completed to date is as follows:

- The Court has issued its *Markman* ruling.

- The parties have exchanged infringement and invalidity contentions. In its infringement contentions, which were served after the Court's *Markman* ruling, IV dropped four of its claims and asserted six *new* claims, which had not previously been asserted.

- The parties have started, but not yet completed, their document productions. To date, the parties have not yet produced *any* e-mails.

- To date, only one deposition has taken place in this case.

As is apparent from the foregoing list, there is a substantial amount of discovery and other work that remains to be done in this case, including:

- The parties must complete their document productions, including the production of e-mails.

- The parties must take numerous party and non-party depositions.

- JPMC must supplement its invalidity contentions to address IV's six newly-asserted claims.

- The parties must conduct expert discovery.

- The Court will need to address JPMC's pending motion to compel certain documents from IV, as well as other discovery motions that doubtless will arise.

- The Court will need to address summary judgment motions.

The discovery and motion practice in the foregoing list would be substantial even in a case involving only one patent and just a few asserted claims. Here, there are *five* (5) asserted patents and *seventy-seven* (77) asserted claims[3]—so the remaining discovery and motion practice is, by any measure, substantial.

No trial date has yet been set in this case.

**C.    IV Is a Non-Practicing Entity That Does Not Compete with Defendants**

IV is a non-practicing entity ("NPE") that is in the business of acquiring and licensing patents. Dkt. No. 84, ¶ 11. IV is not a competitor of JPMC and does not make any products or provide any services covered by any of the asserted claims. Instead, as a NPE, IV makes its money by demanding that companies, like JPMC, pay for licenses to its patents and suing those that refuse.

**D.    The Status of the Six Other Same-Patents Cases Favors a Stay**

The status of the six other Same-Patents Cases is as follows:

---

[3] At the outset of this case, JPMC proposed streamlining the issues by limiting both the number of asserted claims and the number of prior art references—a proposal designed to reduce the substantial costs of patent litigation without disadvantaging either side. IV refused to agree to this proposal and, instead, has insisted on carrying on with its inordinately large number of asserted claims.

5

| Case Name | Case Status |
|---|---|
| *Intellectual Ventures II LLC v. First Nat'l Bank of Omaha*, No. 8:13CV167 (D. Neb.) (the "*FNBO* case") | Stay granted on May 6, 2014. |
| *Intellectual Ventures II LLC v. BBVA Compass Bancshares, Inc.*, No. 2:13-cv-1106 (N.D. Ala.) (the "*Compass* case") | Stay granted on June 4, 2014. |
| *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-CV-04160 (W.D. Mo.) (the "*Commerce* case") | Stay granted on June 4, 2014. |
| *Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*, No. 2:13-CV-00785 (S.D. Ohio) (the "*Huntington* case") | Stay granted on June 10, 2014. |
| *Intellectual Ventures II LLC v. Suntrust Banks, Inc.*, No. 1:13-cv-2454 (N.D. Ga.) (the "*Suntrust* case") | Motion for stay filed on June 6, 2014 is pending. |
| *Intellectual Ventures II LLC v. U.S. Bancorp*, No. 13-cv-02071 (D. Minn.) (the "*USBank* case") | Motion for stay filed on June 18, 2014 is pending. |

Thus, motions for stays have been filed in all six of the Same-Patents Cases, and to date all of those ruled upon have been granted (four out of four).

Given the substantial similarities among these seven cases (*i.e.*, this case and the six other Same-Patents Cases), the parties have been coordinating discovery among all of the cases whenever possible. For example, IV has produced the *same* set of documents in all seven cases, and has agreed that it will produce in this case any documents that it produces in the other cases. Moreover, <u>third parties whose depositions will need to be taken in all seven cases already have objected to being deposed more than once and have insisted that the parties in all seven cases agree on a single date for their depositions</u>. IV's own counsel, who represents several of the named inventors of the patents, has objected to making those inventors available for multiple depositions and has insisted that defendants coordinate depositions among the seven cases.[4]

If this case becomes the only one of the Same-Patents Cases that is not stayed, coordinated discovery will be rendered impossible, and numerous third parties will need to be deposed multiple times.

---

[4] *See, e.g.*, e-mails from IV's counsel attached to the Nagy Decl. as Ex. C.

6

**III.   LEGAL STANDARD**

It is well-established that federal courts have the inherent power to stay patent litigation pending resolution of related proceedings at the PTO involving a patent in suit. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)).  In determining whether to grant or deny a motion to stay pending resolution of a request for PTAB intervention, courts generally consider: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Spectrum*, 277 F.R.D. at 88.

IPRs are intended to "create a timely, cost-effective alternative to litigation."  77 FED. REG. 48,612, 48,612 (Aug. 14, 2012).  IPR proceedings are conducted by a panel of three specially-qualified—both legally and technologically—administrative patent judges of the PTAB.  *See* 35 U.S.C. § 6 ("The administrative patent judges shall be persons of competent legal knowledge and scientific ability who are appointed by the Secretary, in consultation with the Director").  An IPR may be requested "to cancel as unpatentable [one] or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b).

IPRs are conducted on a strict statutorily-mandated schedule, where the PTAB must decide whether to institute an IPR proceeding ***within six months*** after the filing date of an IPR Petition.  35 U.S.C. § 314(b).  The PTAB must issue a final written decision on the patentability of the challenged claims within one year of the institution of the IPR proceedings, extendable by no more than six months upon a showing of good cause. 35 U.S.C. § 316(a)(11).

Courts routinely grant stays even where the PTAB has not yet instituted an IPR proceeding. *See, e.g.*, Ex. D (Order Granting Stay in *FNBO* case ("*FNBO* Order")) at 3; Ex. E (Order Granting Stay in *Compass* case ("*Compass* Order")) at 2; Ex. F (Order Granting Stay in *Commerce* case

("*Commerce* Order")) at 7–8; Ex. G (Order Granting Stay in *Huntington* case ("*Huntington* Order")) at 4; *see also Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46, 2013 WL 5945177, at *5 (N.D. Ga. Nov. 5, 2013) (granting a stay after IPR petitions were filed but before the PTAB had instituted IPR proceedings); *Brixham Solutions*, 2014 WL 1677991, at *2 (same); *Norred v. Medtronic, Inc.*, No. 13-2061, 2014 WL 554685, at *4 (D. Kan. Feb. 12, 2014) (same); *e–Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 WL 5425298, at *5 (S.D. Tex. Sept. 26, 2013) (same); *SSW Holding Co. Inc. v. Schott Gemtron Corp.*, No. 3:12CV-661, 2013 WL 4500091, at *4 (W.D. Ky. Aug. 21, 2013) (same); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (same); *NUTech Ventures v. Norman Noble, Inc.*, No. 1:12CV2326, 2013 U.S. Dist. LEXIS 133092, at *2–3 (N.D. Ohio May 30, 2013) (same); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-1861, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) (same).

Further, courts routinely stay cases where the IPR petitions were filed by a non-party to the case. *See, e.g., Pi–Net Int'l, Inc. v. Focus Bus. Bank*, Nos. C-12-4958, C-12-4959, & C-12-4962, 2013 WL 4475940, at *2 (N.D. Cal. Aug. 16, 2013) (staying case in view of non-party IPR petition); *e–Watch*, 2013 WL 5425298, at *3–4 (same); *Neste*, 2013 WL 3353984, at *5 (same); *Evolutionary Intelligence, LLC v. Yelp Inc.*, No. C-13-03587, 2013 WL 6672451, at *2, 10 (N.D. Cal. Dec. 18, 2013) (same); *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, Nos. 1:10CV01370, 1:11CV00082, 1:12CV01068, & 1:12CV01070, 2013 WL 1662952, at *4–8 (N.D. Ohio Apr. 17, 2013) (same); *Synchronoss Techs., Inc. v. Asurion Mobile Appls., Inc.*, Nos. 11-5811 & 11-6713, 2013 WL 1192266, at *5–6 (D.N.J. Mar. 22, 2013) (same).

IV.  ARGUMENT

All of the pertinent factors weigh strongly in favor of staying this case.

8

A.  **This Case is at an Early Stage and a Stay Will Conserve Both Judicial and Private Resources**

The first stay factor strongly favors a stay because this action is still at an early stage of its life.  The vast majority of discovery and motion practice lies ahead, and a trial date has not yet been set.  It is undisputed that litigating IV's 77 claims will require numerous depositions, including—as IV put it in one of the other Same-Patents Cases—depositions of "numerous third parties." *Suntrust* case, Dkt. No. 156 at 3.  To date, only *one* deposition has taken place in this case.  Simply put, "there is more work ahead of the parties and the Court than behind the parties and the Court." *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012).

IV likely will argue that this case is at an advanced stage because this Court already has held a *Markman* hearing.  That argument lacks merit: this Court stayed all proceedings in this case pending the *Markman* hearing, and the *Markman* hearing did not take place until March 2014, a mere three months ago.  Moreover, in April 2014, IV revealed in its infringement contentions that it is asserting six *new claims*.  Given the record here, IV cannot credibly claim that this case is at an advanced stage or that the stage of this case weighs against granting a stay.  IV's own statements in the PNC Motion establish that the stage of this case, which is not nearly as advanced as the *Zillow* case IV cited to the court, plainly weighs in favor of a stay:

> [D]iscovery is not complete in this matter. The completion of the PTO's CBM review stands to provide relief to both parties, who are currently involved in thorough and complex discovery.  Moreover, courts have found [this] factor to weigh in favor of granting a stay at a stage of litigation similar to that of this case. *See Zillow, Inc. v. Trulia, Inc.,* No. C12-1549JLR, 2013 WL 5530573, at *1-2, 5-6 (W.D. Wa. Oct. 7, 2013) (finding that the stage of the litigation weighed in favor of granting the stay <u>even though the parties have exchanged several sets of written discovery requests; produced well over a hundred thousand pages of documents; exchanged infringement, noninfringement, and invalidity contentions; began claim construction; retained experts; engaged in motion practice; and the trial date was less than a year from the filing of the motion to stay</u>).

Ex. A (PNC Motion) at 2; *see also Softview LLC v. Apple Inc.*, C.A. No. 12-989 & 10-389, 2013 WL 4757831, at *2 (D. Del. Sept. 4, 2013) (staying a case even after fact discovery was completed and the court had issued a *Markman* opinion).

**B.     A Stay Will Simplify the Substantial Number of Issues in this Case**

The second factor also weighs strongly in favor of a stay. IV's decision to assert five patents and 77 claims presents the parties and the Court with numerous issues that require discovery and motion practice. The IPR Proceedings and JPMC's forthcoming CBMR petition have the potential to eliminate many or even all of these issues, and it is likely that some or all of the asserted claims of each of the Patents-in-Suit will be held invalid under 35 U.S.C. §§ 101, 102, and/or 103. *See, e.g., Brixham*, 2014 WL 1677991, at *1 ("[I]t is likely that a stay will simplify the issues in this case because the vast majority of requests for *inter partes* review are accepted and in virtually all of the cases in which final written decisions have been issued, the PTO has cancelled some or all of the challenged claims"). At a minimum, the IPR Proceedings will provide this Court with the PTAB's expert opinion on the scope of the claims. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005).

In the *FNBO* case, Judge Gossett relied on substantially the same facts as those present here to grant a stay, finding that "staying this case has the potential to simplify the issues in question as the outcome of IPR proceedings could, at the very least, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." Ex. D (*FNBO* Order) at 2 (internal citation omitted). In the *Commerce* case, Judge Laughrey also concluded that a stay would simplify the issues in the case at least because "IPR petitions address all of the claims in the patents-at-suit." Ex. F (*Commerce* Order) at 5. And the court in the *Huntington* case reached the same conclusion. Ex. G (*Huntington* Order) at 4.

### C.     A Stay Will Not Unduly Prejudice IV or Place it at a Tactical Disadvantage

The third factor strongly favors a stay because a stay will not unduly prejudice IV or place it at a tactical disadvantage. As IV itself told the court in the PNC Motion, "neither party to this litigation will suffer undue prejudice from a stay." Ex. A (PNC Motion) at 2.

First, it is well established that the mere delay inherent in any stay does not establish **undue** prejudice. *See, e.g., Norred*, 2014 WL 554685, at *4; *e-Watch*, 2013 WL 5425298, at *2; *Neste*, 2013 WL 3353984, at *2. The PTAB is under a strict statutory deadline to determine whether to institute IPR proceedings, which weighs against a finding of undue prejudice. *See* 35 U.S.C. § 314(b); *Norred*, 2014 WL 554685, at *4 (finding no undue prejudice because "the PTAB has a deadline under 35 U.S.C. § 314(b) in which to determine whether to institute an *inter partes* review").

Second, the parties are *not competitors*, and a stay will not unduly prejudice IV. *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 495 (D. Del. 2013) (no undue prejudice where plaintiff did not directly compete with any of defendants' accused products). IV admittedly is a NPE that does not offer products or services covered by any of the asserted claims, does not operate in the banking industry, and does not compete with the products accused of infringement in this case. *See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, Nos. 12-cv1107, 12-cv-1109, & 12-cv-1110, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014) (granting a stay where the plaintiff's "status as a non-practicing entity, rather than a market participant, suggests there is little risk that it will lose sales or goodwill in the market."); *Softview*, 2013 WL 4757831, at *2 (no undue prejudice where the plaintiff was "a non-practicing entity and not seeking injunctive relief").

Third, IV seeks monetary relief alone, recovery of which will not be impacted by a stay. *See Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-4513, 2014 WL 819277, at *5 (N.D. Cal. Feb. 28, 2014) (non-practicing entity "does not risk irreparable harm by defendants' continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief").

11

Given these facts, Judge Gossett found that IV would not be unduly prejudiced by a stay. Ex. D (*FNBO* Order) at 2. The court reasoned that the parties "are not competitors and there is no indication that a stay would place [IV] at a tactical disadvantage." *Id*.; *see also* Ex. G (*Huntington* Order) at 4 (holding that "[t]he issue comes down to a common-sense analysis of the circumstances of each case. Having reviewed the parties' arguments and the circumstances of this case, the Court agrees with Defendants that the benefits of the requested stay *far outweigh* the costs, and that *all* relevant factors weigh in favor of a stay") (emphasis added). The same reasoning applies here.

### D. IV Itself Has *Joined* in Motions to Stay Four of Its Other Cases Against Banks

Any argument by IV that a stay here would be unduly prejudicial is disingenuous because IV itself has joined in motions to stay four of the Related-Patents Cases. As in this case, the defendants in three of those cases sought to stay the cases because of requests made to the PTO to review the validity of the asserted patents. *Intellectual Ventures I LLC v. Bank of Am. Corp.*, No. 3:13-cv-358-RJC-DSC, Dkt. No. 54 (W.D.N.C., Dec. 3, 2013); *Intellectual Ventures I LLC v. PNC Fin. Servs. Grp., Inc.*, No. 2:13-cv-00740-AJS, Dkt. No. 66 (W.D. Pa. Dec. 6, 2013); *Intellectual Ventures I LLC v. Fifth Third Bancorp*, No. 1:13CV378, Dkt. No. 53 (S.D. Ohio Apr. 3, 2014). In the fourth case, IV jointly moved for a stay because "pending before the Supreme Court of the United States is *Alice Corporation Pty. Ltd. v. CLS International Corp.*….in which the scope of patentable subject matter under 35 U.S.C. §101 is expected to be elucidated." *Intellectual Ventures I LLC v. Mfr. & Traders Trust Co.*, No. 13-cv-1274-SLR, Dkt. No. 23 (D. Del. Feb. 3, 2014). Thus, IV previously has joined in motions for stays because of pending PTO proceedings, and also merely because it wanted to wait and see how the Supreme Court decided *Alice Corporation*.

IV may argue that this case is different because the three requests for stays pending PTO proceedings in the Related Cases each involved CBMRs and not IPRs. That argument lacks merit for two reasons. First, with respect to whether concurrent district court litigation should be stayed, there is no material analytical difference between CBMRs and IPRs: both are *inter partes* proceedings, the

12

AIA requires that both proceedings be completed in the same amount of time (*i.e.*, one year), and the same substantive factors for determining whether to grant a stay apply to each of them. *Compare Interface*, 2013 WL 5945177, at *4 (setting forth standards governing stay based on commencement of IPR), *with* AIA § 18(b)(1), P.L. 112-29, 125 Stat. 284, 331 (2011) (setting forth standards governing stay based on commencement of CBMR).

Second, and as JPMC informed IV during the parties' meet and confer, JPMC shortly will be filing petitions for CBMR of four of the Patents-in-Suit. So the overwhelming authority compelling a stay pending CBMR cannot be ignored here. The legislative history specific to CBMRs establishes that denial of a stay would require "<u>an extraordinary and extremely rare set of circumstances</u> not contemplated in any of the existing case law related to stays pending reexamination." Ex. I (157 CONG. REC. S1360-02, 1364 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer), 2011 WL 797877).[5] This case, with its numerous asserted claims and multiple PTO proceedings already pending, is overwhelmingly the sort of case that Congress plainly intended should be stayed.

E.  **Refusing to Stay This Case Will Destroy the Possibility of Coordinating Discovery Among the Seven Same-Patents Cases**

It is *undisputed* that discovery should be coordinated among this case and the six Same-Patents Cases for numerous reasons, including the conservation of both judicial and private resources. If this Court refuses to stay this case, it will render that coordination and the substantial benefits associated with it impossible.

V.  **CONCLUSION**

The IPR Proceedings and JPMC's forthcoming CBMR petition present an opportunity for substantial cost savings, and refusing to stay this case will unfairly and unnecessarily deprive JPMC of that opportunity. Refusing to stay this case also will deprive JPMC, the defendants in the other six

---

[5] *See also Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) (holding that the filing of a CBMR petition is "a very heavy thumb on the scale in favor of a stay being granted") (quoting 157 CONG. REC. S1363-1365 (daily ed. Mar. 8, 2011)); *Capital Dynamics AG v. Cambridge Assocs. LLC*, No. 13 Civ. 7766, 2014 WL 1694710, at *2 (S.D.N.Y. Apr. 1, 2014) (staying patent infringement case pending CBMR despite the fact that "[i]t is not this Court's typical practice or inclination to grant stays").

Same-Patents Cases, and the numerous third parties from whom discovery is needed of the substantial cost savings and other benefits of coordinated discovery. IV should not be allowed to "cherry pick" which of its patent cases against banks should be stayed and which should proceed—nor should this Court ignore the clear Congressional intent that cases like this one be stayed pending the PTO's review of challenged claims. JPMC's motion should be granted.

Date:   June 27, 2014
        New York, New York

                                            Respectfully Submitted,

                                             /s/ Tibor L. Nagy, Jr.
                                            **DONTZIN NAGY & FLEISSIG LLP**
                                            Tibor L. Nagy, Jr.
                                            Stephanie M. Suarez
                                            980 Madison Avenue
                                            New York, New York 10075
                                            Telephone: (212) 717-2900
                                            Facsimile: (212) 717-8088
                                            tibor@dnfllp.com
                                            ssuarez@dnfllp.com

                                            **DURIE TANGRI LLP**
                                            Clement S. Roberts
                                            Michael A. Feldman
                                            217 Leidesdorff Street
                                            San Francisco, CA 94111
                                            Telephone: (415) 362-6666
                                            Facsimile: (415) 236-6300
                                            croberts@durietangri.com
                                            mfeldman@durietangri.com

                                            **KIRKLAND & ELLIS LLP**
                                            Kenneth R. Adamo
                                            Brent P. Ray
                                            601 Lexington Avenue
                                            New York, New York 10022-4611
                                            Telephone: (212) 446-4839
                                            Facsimile: (212) 446-4900
                                            kenneth.adamo@kirkland.com
                                            brent.ray@kirkland.com

                                            *Attorneys for Defendants / Counterclaim-Plaintiffs*

## **CERTIFICATE OF CONFERENCE**

Pursuant to this Court's rule 2(E), the parties met and conferred about the foregoing motion to stay this action on June 25 and 26, 2014. Specifically, Tibor L. Nagy, Jr., counsel for Defendants, and Ian Feinberg, counsel for Plaintiff, met and conferred. It was clear from the parties' discussions that they could not reach agreement as to the relief requested.

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served on the following counsel of record by electronic mail, as per the parties' agreement on service, on June 27, 2014:

William Dunnegan
Dunnegan & Scileppi LLC
wd@dunnegan.com

Ian Feinberg
Elizabeth Day
Sal Lim
Feinberg Day Alberti & Thompson LLP
ifeinberg@feinbergday.com
eday@feinbergday.com
slim@feinbergday.com

                                                              */s/ Stephanie M. Suarez*
                                                              Stephanie M. Suarez