UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTELLECTUAL VENTURES II LLC,

               *Plaintiff,*

-against-

JPMORGAN CHASE & CO., *et al.*,

               *Defendants.*

ECF CASE

13 Civ. 3777 (AKH)

### **DEFENDANTS' MOTION FOR RECONSIDERATION-IN-PART**

# Table of Authorities

## Cases

*BreathableBaby, LLC v. Crown Crafts, Inc.*,
    No. 12-cv-94, 2013 WL 3350594 (D. Minn. May 31, 2013) ............................................ 2

*Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*,
    892 F. Supp. 1123 (S.D. Ind. 1995),
    *aff'd* 122 F.3d 1040 (Fed. Cir. 1997) ................................................................................ 2

*LG Electronics, Inc. v. Motorola, Inc.*,
    No. 10-cv-3179, 2010 WL 3075755 (N.D. Ill. Aug. 5, 2010) ........................................... 2

*Whatley v. Nike, Inc.*,
    No. 98-963-AS, 2000 WL 33201902 (D. Or. Oct. 20, 2000) ........................................... 2

*Zest IP Holdings, LLC v. Implant Direct Mfg.*,
    No. 10-541-GPC, 2013 WL 5211940 (S.D. Cal. Sept. 13, 2013) ...................................... 2

Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, Chase Bank USA, National Association, Chase Paymentech Solutions LLC and Paymentech LLC (collectively, "Defendants") respectfully move for reconsideration-in-part of this Court's July 8, 2014 order (the "Order") granting-in-part and denying-in-part their June 17, 2014 motion to compel (the "Motion").[1]

The Motion, *inter alia*, challenged Plaintiff Intellectual Ventures II LLC's ("IV's") withholding of certain documents concerning valuation of the patents-in-suit, solely on privilege grounds. Rather than address Plaintiff's assertion of privilege, however, this Court denied that aspect of the Motion on relevance grounds:

> The valuation documents have little or no relevance, and need not be produced. I do not rule on Plaintiff's assertion of privilege as to these documents at this time.

Order at 1. Defendants respectfully submit that this Court's conclusion that "valuation documents have little or no relevance" is in error and should be reconsidered.

*First*, it is especially notable that IV itself did not challenge relevance here. To the contrary, IV put certain valuation documents on its privilege log, and represented to the Court that it planned to put additional valuation documents on a supplemental privilege log to be served no later than July 1 (*see* Dkt. No. 126 (IV Opp. Br.) at 1-2, 5), precisely because those documents admittedly are relevant. And, IV also acknowledged that additional relevant valuation documents may be identified through email discovery, which has yet to commence. *Id.* at 1, 5. This concession of relevance was in stark contrast to IV's explicit relevance objections to the other two categories of documents sought in the Motion. *See id.* at 14 ("As the deposition materials from the prior unrelated actions are not relevant under Rule 26(b)(1), JPMC's motion

---

[1] Defendants have moved for a stay of this action (Dkt. No. 129) and continue to believe that all discovery in this case should be stayed, for the reasons set forth in that motion. Nothing in the present motion should be construed to suggest otherwise.

to compel their production should be denied"), 14 ("As explained in connection with the deposition transcripts, JPMC has failed to show that the damages expert reports and testimony from the prior cases are relevant.").

*Second*, IV's relevance concession was unsurprising, given that it is settled law in patent cases that documents concerning valuations of the patents-in-suit are "indisputably relevant." *BreathableBaby, LLC v. Crown Crafts, Inc.*, No. 12-cv-94, 2013 WL 3350594, at *7 (D. Minn. May 31, 2013) (granting defendants' motion requesting additional deposition testimony based on plaintiff's belated production of "indisputably relevant" valuation analysis). Courts have held that a defendant in a patent-infringement action can seek discovery regarding valuation of the patents-in-suit because those valuations are relevant to issues of damages, the determination of a reasonable royalty between the parties, and a defendant's defenses in the action. *Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 892 F. Supp. 1123, 1131-32 (S.D. Ind. 1995), *aff'd* 122 F.3d 1040, 1043 (Fed. Cir. 1997) (holding that the value of the patent-in-suit, as reflected, *inter alia*, by the consideration paid by the patent owner to obtain it, was a "Fact[] Relevant to Reasonable Royalty Determination and Amount of Lump Sum"); *see also Zest IP Holdings, LLC v. Implant Direct Mfg.*, No. 10-541-GPC, 2013 WL 5211940, at *1-2 (S.D. Cal. Sept. 13, 2013) (granting defendants' request to conduct discovery of the patent owners' valuation of the patents-in-suit because it was relevant to the issues of damages and the value of a reasonable royalty for the patents); *LG Electronics, Inc. v. Motorola, Inc.*, No. 10-cv-3179, 2010 WL 3075755, at *5-6 (N.D. Ill. Aug. 5, 2010) (granting defendant's motion to compel the production of documents reflecting analysis of the value of the patents-in-suit because they were relevant to defendant's defenses, including enforceability of the patents); *Whatley v. Nike, Inc.*, No. 98-963-AS, 2000 WL 33201902, at *1 (D. Or. Oct. 20, 2000) (holding that plaintiff's valuation of the patent-in-suit would be "relevant, admissible evidence at trial").

Because the parties do not dispute, and the pertinent case law confirms, that documents regarding valuation of the patents-in-suit are relevant to this action, Defendants respectfully request that this Court's *sua sponte* conclusion that "valuation documents have little or no relevance" be reconsidered and that the Court proceed to assess IV's privilege assertions.

Date:  July 22, 2014
       New York, New York

Respectfully Submitted,

  /s/ Tibor L. Nagy, Jr.
**DONTZIN NAGY & FLEISSIG LLP**
Tibor L. Nagy, Jr.
Stephanie M. Suarez
980 Madison Avenue
New York, New York 10075
Telephone: (212) 717-2900
tibor@dnfllp.com
ssuarez@dnfllp.com

**DURIE TANGRI LLP**
Clement S. Roberts
Michael A. Feldman
217 Leidesdorff Street
San Francisco, CA 94111
croberts@durietangri.com
mfeldman@durietangri.com

**KIRKLAND & ELLIS LLP**
Kenneth R. Adamo
Brent P. Ray
601 Lexington Avenue
New York, New York 10022-4611
kenneth.adamo@kirkland.com
brent.ray@kirkland.com

*Attorneys for Defendants / Counterclaim-Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the following counsel of record by electronic mail, as per the parties' agreement on service, on July 22, 2014:

William Dunnegan
Dunnegan & Scileppi LLC
wd@dunnegan.com

Ian Feinberg
Elizabeth Day
Sal Lim
Feinberg Day Alberti & Thompson LLP
ifeinberg@feinbergday.com
eday@feinbergday.com
slim@feinbergday.com

*/s/ Stephanie M. Suarez*
Stephanie M. Suarez