UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/14

------------------------------------------------------------- x

INTELLECTUAL VENTURES II L.L.C.,

                               Plaintiff,

    -against-

JP MORGAN CHASE & CO. et al.

                            Defendants.

------------------------------------------------------------- x

**ORDER DENYING MOTION TO STAY CASE PENDING PATENT AND TRADEMARK OFFICE REVIEW OF PATENTS AT ISSUE**

13 Civ. 3777 (AKH)

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

        In this case, Intellectual Ventures II, LLC ("Intellectual Ventures") asserts claims against JP Morgan Chase & Co. and related defendants (together, "JPMC") based on five patents. JPMC moves for a stay, pending review by the U.S. Patent and Trademark Office ("PTO"). The motion is based on twelve petitions filed by non-parties requesting that the PTO commence an *Inter Partes* Review ("IPR") of the patents at issue and five petitions that JPMC is in the process of filing, requesting that the PTO commence a Covered Business Method Review ("CBMR") of the patents at issue. At this time, the PTO has granted just one of the petitions, commencing an IPR of just one of the patents at issue, and JPMC is not a party to that review. Intellectual Ventures opposes the motion.

        For the following reasons the motion is denied.

## BACKGROUND

        Intellectual Ventures filed this lawsuit on June 4, 2013. Five patents are issue: U.S. Patents Nos. 6,715,084 (the '084 Patent), 6,314,409 (the '409 Patent), 5,745,574 (the '574 Patent), 6,826,694 (the '694 Patent), and 7,634,666 (the '666 Patent).

1

The parties have made significant progress towards trial. Following a tutorial, a claim construction was held on March 5 and 6, 2014 in accordance with *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd* 516 U.S. 370 (1996), resulting in an order defining the patent claims at issue. *See* Doc. No. 82 (March 18, 2014 Order regarding Claim Construction and Patent Summaries). The pleadings have been closed, infringement and invalidity contentions have been exchanged; most written discovery has been accomplished; and depositions have been scheduled. *See* Doc No. 103 (transcript of May 8, 2014 status conference). By August 20, 2014, document discovery between the parties, but not of third-parties, should be complete, and a third of the intended depositions should have been taken. Expert discovery, *Daubert* hearings, and trial should follow. The case should be resolved, by motion or by jury, by the summer of 2015, two-plus years after filing.

On April 16, 2014, the Patent Trial and Appeal Board ("PTAB") of the PTO granted one of 12 petitions for IPR. Only the petition filed by International Business Machines Corporation ("IBM"), was granted, and only with regard to one patent, the '666 Patent. The petitions of 11 other non-parties have not been acted on.

On June 27, 2014, JPMC filed a motion in this Court to stay the proceedings pending the PTAB's resolution of: (1) the IPR of the '666 Patent, (2) the other eleven petitions for IPR filed by non-parties but which the PTAB has not acted on, and (3) five petitions for CBMR that JPMC intends to file. JPMC then filed petitions for CBMR of two of the five patents in suit, the '409 and '574 Patents on July 11 and July 18, 2014 respectively.

JPMC adds that the same patents as the five in issue in this case are also at issue in six other cases around the country—*Intellectual Ventures II, LLC v. First National Bank of Omaha* (D. Neb.), *Intellectual Ventures II, LLC v. BBVA Compass Bancshares* (N.D. Ala.),

2

*Intellectual Ventures II, LLC v. Commerce Bancshares* (W.D. Mo.), *Intellectual Ventures II, LLC v. Huntington Bancshares* (S.D. Ohio), *Intellectual Ventures II, LLC v. U.S. Bancorp* (D. Minn.), and *Intellectual Ventures II, LLC v. Suntrust Banks* (N.D. Ga.)—and all, except for the *Suntrust Banks* case, have been stayed by their presiding judges pending resolution of proceedings before the PTO.

## STANDARD OF REVIEW

Courts have an inherent authority to stay cases while proceedings are pending in another forum. *See Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). When deciding whether to stay a case based on proceedings before the PTO, courts generally consider the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Softview Computer Products Corp. v. Haworth, Inc.*, 97 CIV. 8815 KMW HBP, 2000 WL 1134471, at *2 (S.D.N.Y. Aug. 10, 2000) (quoting *Xerox Corp.*, 69 F. Supp. 2d at 406); *accord Interface, Inc. v. Tandus Flooring, Inc.*, 4:13-CV-46-WSD, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013), *reconsideration denied*, 2014 WL 273446 (Jan. 22, 2014) (considering those same factors in connection with a motion to stay proceedings pending IPR).

With regard to JPMC's motion for a stay based on petitions for a CBMR it has filed and which it intends to file, the Leahy–Smith America Invents Act ("AIA")[1] provides similar criteria:

---

[1] Pub. L. 112–29, 125 Stat. 284 (2011).

3

> If a party seeks a stay of a civil action alleging infringement of a patent . . . relating to a [CBMR] for that patent, the court shall decide whether to enter a stay based on—
> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

AIA § 18(b)(1). *See also Capital Dynamics AG v. Cambridge Associates, LLC*, 13 CIV. 7766 KBF, 2014 WL 1694710 (S.D.N.Y. Apr. 1, 2014) (applying AIA § 18(b)(1)).[2] Here, the criteria for a stay generally and § 18(b)(1) suggest the same result.[3]

## ANALYSIS

I discuss JPMC's motion to stay according to the criterion of two different types of proceedings before the PTAB: IPR proceedings and CMBR proceedings. I hold that a stay is not advisable.

---

[2] JPMC relies on statements made by Senator Schumer, in support of the AIA, in order to argue that Congress intended for a virtually automatic stay of district court litigation while a CMBR is pending. *See* 157 CONG. REC. S1053, 2011 WL 709598 (daily ed. Mar. 1, 2011) (statement of Sen. Schumer) ("Since the entire purpose of the [CMBR] at the PTO is to reduce the burden of litigation, it is nearly impossible to imagine a scenario in which a district court would not issue a stay."); 157 CONG. REC. S1360-02, 1364 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer), 2011 WL 797877 (noting that denial of a stay while a CMBR is pending would require "an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law related to stays pending reexamination."). Senator Schumer's statements are not part of the AIA, and in enacting § 18(b)(1) Congress did not provide for near-automatic stays while CMBRs are pending. Rather, Congress instructed district courts to consider a number of factors in deciding whether to stay the case.

[3] I assume, without deciding, that § 18(b)(1) applies, even though at this time no CMBR has been instituted.

I.      *Inter Partes* Review Proceedings

   A. **Streamlining the Litigation in this Court**

The IPR procedure allows a petitioner to cause the PTAB to review and cancel as unpatentable one or more claims of a patent only on a ground that could be raised under § 102 or § 103 and only on the basis of prior art consisting of patents or printed publications. *See* 35 U.S.C. § 311(b). The IPR thus allows a petitioner to challenge a patented invention only because the invention was patented or described in a prior patent before the effective filing date of the claimed invention, or because the invention was obvious. *See* 35 U.S.C. §§ 102(a)(1), (2), 103.

A decision of the PTAB concluding an IPR may streamline court proceedings, or it may not. If a patent claim is canceled, the patent holder is bound. If a claim is upheld, the petitioner may not attack the claim in court "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e). But the IPR can take up to 18 months' time in the PTAB, and there may be two years of appellate review in the Federal Circuit, creating a three-year delay, or more. And it would not be unusual for parties to disagree on the scope and significance of a decision, or about the effects of issues not based on prior art, or on different patents, some similar and some different. One cannot tell, and meanwhile time is wasted, parties' business practices are paralyzed, and expenses mount.

I do not understand the sense of staying this entire litigation in order to wait for the PTAB's review of a single patent claim, where multiple patents and multiple claims are in issue. And, since JPMC is not a party, it will not be limited or precluded concerning any pleading or argument it wants to make. Further, there is another year, at most, of litigation before me in my court before the issues are resolved by trial. I fail to understand why it would

5

be cheaper, or more efficient or quicker to wait for three years and speculate what benefit might be achieved by an IPR.

### B. Tactical Advantage

Staying this case would give JPMC an unfair tactical advantage. Intellectual Ventures would lose the benefit promised by the Federal Rules of Civil Procedure—a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. JPMC would have the advantage of delay and continuing utilization of patented devices and systems that the law suit is intended to regulate.

### C. The Effect of Delay on this Court's Proceedings

Staying this case pending the resolution of the petitions for IPR would interrupt the work of this Court. The IPR process can take up to 24 months between the filing of a petition for review and the PTAB's issuance of a final decision. *See* 35 U.S.C. §§ 314(b) (providing that the PTAB must issue a decision regarding whether to institute an IPR, within 3 months of the filing of the opposition, which is due 3 months after the petition is filed), 316(a)(11) (providing that the PTAB must issue a final decision within 1 year of instituting an IPR and providing that the 1 year period can be extended to 18 months for good cause). The parties may then appeal the PTAB's decision to the Federal Circuit Court of Appeals, with all the attendant delays of the appellate process, perhaps another two years. 35 U.S.C. § 319.

Thus, staying this case pending the PTAB's resolution of the IPRs could result in substantial delay.

### D. Conclusion

After considering the above factors, I conclude that it is not advisable for the Court to stay this case based on the petitions for IPR. Staying this case pending the resolution of

6

the petitions for IPR would have only a speculative streamlining effect, and would present JPMC with an unfair tactical advantage. The case before me is moving speedily and efficiently to trial. There is no good reason to disturb that progress.

## II. Covered Business Method Review Proceedings

JPMC also requests that I stay this action based on petitions for CBMR that it has filed, and states that it intends to file, with the PTAB.

### A. Whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial?

Like the IPR procedure, the CBMR procedure allows a petitioner to attack a patent on narrow grounds. Through the CBMR procedure, a petitioner may request that the PTAB review and cancel as unpatentable one or more claims of a covered business method patent[4] on a ground that could be raised under sections 101 and 112 based on prior art. *See* AIA § 18(a)(1)(C). The CBMR thus allows a petitioner to challenge a patented invention only because the invention was unpatentable, on the grounds of subject matter, lack of utility, the absence of novelty, or obviousness, or based on the inadequacy of the written description of the patent. *See* 35 U.S.C. §§ 101, 112.

A decision of the PTAB concluding a CBMR may streamline court proceedings, or it may not. If a patent claim is canceled, the patent holder is bound. If a claim is upheld, the petitioner may not attack the claim in court "on any ground that the petitioner raised during [the CBMR]." AIA § 18(a)(D). But the CBMR can take up to 18 months' time in the PTAB, and

---

[4] A covered business method patent is a "patent that claims a method or corresponding apparatus for performing data processing or other operations used in the practice, administration, or management of a financial product or service, except that the term does not include patents for technological inventions." 37 C.F.R. § 42.301(a).

7

there may be two years in the Federal Circuit, creating a three-year delay. And it would not be unusual for parties to disagree on the scope and significance of a decision, or about the effects of issues not based on prior art, or on different patents, some similar and some different. One cannot tell, and meanwhile time is wasted, parties' business practices are paralyzed, and expenses mount.

Again, I do not understand the sense of staying this entire litigation in order to wait to see whether the PTAB will initiate a review of some of the claims of these patents, when there are multiple patents and multiple claims. While JPMC, as the petitioner, will be unable to repeat in this Court any arguments that it makes before the PTAB, the CMBR's that JPMC is requesting still offer, at best, a piecemeal review of the patents. There is another year, at most, of litigation before me in my court before the issues are resolved by trial. I fail to understand why it would be cheaper, or more efficient or quicker, to wait for three-and-a-half years and speculate what benefit might be achieved by a CMBR.

### B. Whether discovery is complete and whether a trial date has been set?

As discussed above, the proceedings in this Court are progressing. I expect the parties to finish fact discovery by the end of the year, and that the case will be resolved, by motion or jury, by the summer of 2015.

The CBMR process can take up to 24 months between the filing of a petition for review and the PTAB's issuance of a final decision. *See* 35 U.S.C. § 324(c)[5] (providing that the PTAB must issue a decision regarding whether to institute an CBMR, within 3 months of the filing of the opposition, which is due 3 months after the petition is filed); 37 C.F.R. § 42.300(c)

---

[5] The AIA provides that CBMR is subject to the procedures of a post-grant review under chapter 32 of title 35. AIA § 18(a)(1).

(providing that the PTAB must issue a final decision within 1 year of instituting a CBMR and providing that the 1 year period can be extended to 18 months for good cause). The parties may then appeal the PTAB's decision to the Federal Circuit Court of Appeals, with all the attendant delays of the appellate process, perhaps another two years. 35 U.S.C. § 329.

Thus, staying this case pending the PTAB's resolution of JPMC's petitions for CBMR could result in substantial delay.

### C. Whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party

Again, staying this case would give JPMC an unfair tactical advantage. Intellectual Ventures would lose the benefit promised by the Federal Rules of Civil Procedure—a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. JPMC would have the advantage of delay and continuing utilization of patented devices and systems that the law suit is intended to regulate.

### D. Whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court

JPMC's argument that the PTAB's resolution of the petitions for CMBR will reduce the work in this Court and for the parties is largely speculative. I do not understand the sense of staying this entire litigation in order to wait to see what the PTAB will do.

### E. Conclusion

After considering the above factors, I conclude that it is not advisable for the Court to stay this case based on the petitions for CBMR. The case before me is moving speedily and efficiently to trial. There is no good reason to disturb that progress.

Accordingly, JPMC's stay motion is denied at this time.

### III. Conclusion

There is a great temptation on the part of a district judge, overseeing a large and diverse docket, to accept the promise of a stay and move on to other parts of his docket. But as pointed out here, patent claims, like all cases, deserve the same quality of treatment as Federal Rule of Civil Procedure 1 promises: a "just, speedy, and inexpensive determination."

In my experience, patent claims can be difficult, but not more so than other claims. They do not approach the administrative complexity of a multi-district litigation, or the 13,000 cases in the World Trade Center dockets over which I presided. They do not rival the wrought emotions and web of intentions in a heated criminal trial.

The case before me will end in less than a year. It makes no sense for me to delay its resolution further by waiting, for four years, on the intercession of another forum with only a limited jurisdiction over these claims.

With due respect to my colleagues who have granted a stay, I deny it.

### CONCLUSION

For the foregoing reasons, JPMC's motion for a stay is denied. The Clerk shall mark the motion (Doc. No. 128) closed.

SO ORDERED.

Dated:  New York, New York
August 11, 2014

ALVIN K. HELLERSTEIN
United States District Judge