# EXHIBIT D

```
                                                                          1
     E8keintc
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    INTELLECTUAL VENTURES, INC.,
3
4                 Plaintiff,
4
5         v.                                  13 CV 3777(AKH)
5
6    JP MORGAN CHASE,
6
7                 Defendant.
7
8    ------------------------------x
8
9                                             August 20, 2014
10                                            11:20 a.m.
10
11
11   Before:
12
12                   HON. ALVIN K. HELLERSTEIN,
13
13                                            District Judge
14
14                         APPEARANCES
15
15   FEINBERG DAY ALBERTI & THOMPSON
16        Attorneys for Plaintiff
16   BY:  SAL LIM
17        MARC BELLOLI
17
18   DUNNEGAN & SCILEPPI
18        Attorneys for Plaintiff
19   BY:  WILLIAM DUNNEGAN
19
20   DONTZIN NAGY, LLP
20        Attorneys for Defendant
21   BY:  TIBOR NAGY
21
22   KIRKLAND & ELLIS
22        Attorneys for Defendant
23   BY:  BRENT RAY
23        BENJAMIN LASKY
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                     13
      E8keintc
 1              MR. NAGY:  I couldn't do it by then, your Honor, for a
 2    number of reasons.
 3              THE COURT:  Tell me when.  Give me a date.
 4              MR. NAGY:  Are we talking only party depositions?  So
 5    if I take --
 6              THE COURT:  Start with that.
 7              MR. NAGY:  Okay.  Can I have one second to confer with
 8    my counsel?
 9              THE COURT:  Before you do that, Mr. Lim, how long do
10    you need to respond to the e-mail requests and to the protocol?
11              MR. LIM:  I would say 30 days is --
12              THE COURT:  You've already taken 60 days.
13              MR. LIM:  Yes, your Honor.  As Mr. Nagy has just
14    represented to the Court --
15              THE COURT:  I'm not going to give you that.  Get to
16    work.
17              MR. LIM:  We will, your Honor.
18              THE COURT:  You're the plaintiff.
19              MR. LIM:  Understood.
20              THE COURT:  I'll give you two weeks to respond.
21              MR. LIM:  Yes, your Honor.
22              THE COURT:  You're going to get a response on the
23    e-mails -- what's the response going to be, production or
24    negotiation?
25              MR. LIM:  There will be negotiation to agree on the
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                        14
         E8keintc
 1    scope, and then there will be a production, your Honor.
 2               THE COURT:  Why should there be a negotiation after 60
 3    days?
 4               MR. LIM:  Because we just started the negotiation
 5    process, your Honor.
 6               THE COURT:  You didn't just start.  You started when
 7    Mr. Nagy gave you the protocol.
 8               MR. LIM:  Correct, your Honor.
 9               THE COURT:  Neglect is part of the process.
10               MR. LIM:  Well, we were proposing -- the proposal was
11    neither party was going to produce e-mails because it's
12    burdensome to do so, and we have entered a similar agreement
13    with --
14               THE COURT:  That's nonsense, Mr. Lim.  That's
15    nonsense.  Not in the modern day.
16               Mr. Nagy, when did you give protocol to Mr. Lim?
17               MR. NAGY:  June 20, your Honor.
18               And, your Honor, I'll tell you I model it after a
19    protocol used in another case.  So they should be familiar with
20    it.  Your Honor, I'm trying to work through --
21               THE COURT:  September 5, Mr. Lim.  You'll produce.  If
22    you want to cut it down, you're going to start talking fast.
23    September 5 is production on e-mails.
24               MR. LIM:  Yes, your Honor.
25               MR. NAGY:  Your Honor, in answer to your question,
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```


```
                                                                        15
        E8keintc
 1      there is one other thing that we need.  And we talked about
 2      this earlier this morning.  We have infringement contentions.
 3      We also served an interrogatory on the plaintiff, and they both
 4      essentially ask for the same thing.  What products are you
 5      accusing?
 6                At the outset, when they first gave us infringement
 7      contentions, they identified some products but not others.  And
 8      they told us they needed our documents in order to identify
 9      them all.  They now have our technical documents.  They say
10      there's some missing.  I said, fine, e-mail me a list of what
11      you think is missing.  They agreed to do that by early next
12      week.
13                We also agreed, your Honor, when we were downstairs
14      that once I get their list, I will promptly respond to whatever
15      they tell me is missing and get it to them, and that 20 to 30
16      days from when they get whatever is missing, they will then do
17      supplemental infringement contentions and fill in all the
18      missing blanks.  And the reason I need that, your Honor --
19      there are two reasons:  One, I can't take their depositions,
20      the ones I want to take, 30(b)(6)s, until they filled in those
21      blanks.  I don't want to go in there with the witnesses and
22      they told me some products, not others.
23                THE COURT:  You know what?  You were supposed to do
24      that in May.
25                MR. NAGY:  Your Honor, they did.  We got them in May.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                     16
         E8keintc
1        But they left certain things described only by category.  And
2        they told us they couldn't fill them all in because they didn't
3        have our documents.
4                 They now have our documents.  They say some are
5        missing, and we've already worked out, they will e-mail me a
6        list of what they think is missing.  But once they have
7        everything, your Honor -- and I think they have 99 percent of
8        it -- once they have those documents, we need them to fill in
9        that list and tell us all of the accused products.  For
10       example, your Honor, if they describe something only as a
11       firewall but don't tell me which one, I won't be able to
12       question them on all of the fire walls that they're accusing.
13                THE COURT:  Here's what I'd like to propose:  By
14       September 30, all production, all responses to interrogatories
15       are completed, both sides.
16                By December 31, all fact discovery is complete.  Both
17       sides.  We then meet early in January and we plan expert
18       discovery.
19                MR. NAGY:  Your Honor, with respect to September 30, I
20       think that is doable.  And I want to clarify that by then, in
21       addition to the response to the interrogatory, we'll have the
22       supplemental infringement contention.
23                THE COURT:  What I'd like to do is recess.  You talk
24       together, and at the end of it, I want a complete proposal that
25       each side will be bound by.  I'd like, as I say, all written
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
```

```
     E8keintc
 1   discovery to be completed, fact discovery by September 30.
 2   That would include contentions.
 3             MR. NAGY:  Okay.  Your Honor --
 4             THE COURT:  All fact discovery by December 31.  We
 5   would then have our meeting, and then we will plan expert
 6   discovery in the next 60 days or so.  And that will enable us
 7   to try the case in the summer of 2015.
 8             MR. NAGY:  Your Honor, if I may, I know one issue.  I
 9   think it makes sense for us to go talk.  We should do that.
10   But one issue right off the bat, your Honor, is getting all
11   fact discovery done by December 31, I think, would be extremely
12   onerous.  And please just let me explain why.
13             THE COURT:  You don't have to explain.  These are
14   targets.  I want you to sign on, both of you, to a proposal I
15   can deal with.  I don't think a slippage of a month is going to
16   make much difference.  Do something that you can live with, if
17   you work diligently and reliably and consistently.  I don't
18   need to make your lives more onerous than necessary.  But I do
19   need a reliable schedule, and I don't want to be told one thing
20   and to see another thing in a set of papers.
21             MR. NAGY:  Your Honor, I think that's fine.  I think
22   we should have a schedule.  We actually put one together
23   before.  Maybe we can go back to it and revise it.  But your
24   Honor assumed either November or August we would be a third of
25   the way done with depos.  In fact, we haven't done any.  And it
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                   18
     E8keintc
 1   was that understanding that had a December cut-off.
 2             THE COURT:  Well, I don't want to go through that
 3   again.  I want you to make a schedule that you can live with.
 4   But I want consistent, reliable, diligent work, both sides.
 5             MR. NAGY:  Should we work on the schedule now --
 6             THE COURT: Right now.  Right now.  (Pause)
 7             Can I ask another couple questions?  Sorry to do this
 8   to you.
 9             I saw somewhere that there are additional claims,
10   additional to the ones that dealt with in the Markman hearing.
11             MR. NAGY:  Yes, your Honor.  There are three new
12   claims asserted under the '084 patent.
13             THE COURT:  Why is that?
14             MR. NAGY:  Your Honor, we don't know.
15             THE COURT:  Mr. Lim?
16             MR. LIM:  We discussed that last time at the May 8th
17   hearing, your Honor.  Those were claims that were added based
18   on additional information that we were able to obtain after the
19   Markman proceedings, your Honor.  So that's why they were
20   added.
21             And I think at that hearing --
22             THE COURT:  What additional information did you get?
23             MR. LIM:  The additional investigation we discovered
24   concerning the defendants' use of the intrusion detection
25   system.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                        19
     E8keintc
 1              THE COURT:  More infringing articles?
 2              MR. LIM:  Correct.
 3              MR. NAGY:  It was from a public website, I believe,
 4    your Honor.  It wasn't something we produced.
 5              THE COURT:  I don't know why I should give you
 6    additional claims to make this case even larger than it is.
 7              MR. LIM:  It's just --
 8              THE COURT:  What was the point of a Markman hearing if
 9    you're not going to get all your claims in?
10              MR. LIM:  Your Honor, as we discussed last time, I
11    believe that defendants, they said they were going to take a
12    look at those claims, see if there are any additional Markman
13    hearings.  And I think three months later to today we haven't
14    heard anything.  So I don't think there will be any additional
15    disputed terms regarding those three additional claims, your
16    Honor.
17              THE COURT:  Is that so, Mr. Nagy?
18              MR. NAGY:  No, your Honor, it's not.  We have
19    determined we don't want to ask you to construe those new
20    claims, but, your Honor, absolutely it may be case that when we
21    now go into depositions, we see their expert reports, their
22    experts are going to take positions or they're going to take
23    positions about what those terms mean that we will dispute.
24              THE COURT:  I hold my Markman hearings before
25    discovery precisely to cut off this kind of inquiry.  The case
                     SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

```
                                                                        20
         E8keintc
 1   has to be fixed unless there's good reason to enlarge it.
 2   You're not going to enlarge any claims, Mr. Lim, unless you
 3   make a motion explaining why you couldn't have done it earlier
 4   and why you need to do it now.  Otherwise, you'll be bound by
 5   what happens at the Markman.
 6            MR. LIM:  Your Honor, it was my understanding during
 7   our last conference on May 8th those claims were part of this
 8   case.  Your Honor decided that issue.
 9            THE COURT:  I did?
10            MR. LIM:  Yes.
11            MR. NAGY:  Your Honor, I don't think you decided that
12   issue.  You asked us to come back to you and tell you whether
13   we wanted you to construe more terms.
14            But your Honor did say that as to those terms, you
15   thought it was inappropriate to allow new claims without some
16   sort of explanation.  And I can tell your Honor for sure, the
17   information that led to these claims we added was public and
18   available long before they were added.
19            One other I issue, your Honor, that new claims bring
20   into this case.
21            THE COURT:  Mr. Lim, you're going to have to make a
22   motion.  If you want to cite me, you can.  I don't recall the
23   conversation, but look it up.
24            MR. LIM:  Sure.  I would direct your Honor to the --
25            THE COURT:  But you're going to have to justify it.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                  21
         E8keintc
 1       Otherwise, it's not justified.  I'm not going to allow it.
 2                MR. LIM:  I don't have the transcript, your Honor,
 3       handy, but I remember specifically we had this exact
 4       discussion.  I think your Honor said those cases were in and
 5       Mr. Nagy was given an opportunity to see whether there are
 6       additional terms they would like the Court to construe.  And I
 7       think they have decided they don't need to do so.
 8                MR. NAGY:  Your Honor, again, that's hardly the end of
 9       it.  We don't know how they're going to interpret it.  They
10       have not given us amended infringement contentions that add
11       those claims and show us how they think those claims --
12                MR. LIM:  We did, your Honor.
13                MR. NAGY:  In addition, your Honor, we also have the
14       issue of --
15                THE COURT:  I see on page 11 you tell me, we've also
16       got six new claims that were asserted in those infringement
17       contentions, and I'm looking at them with my colleagues.
18                I ask, same patents?
19                You said, they are from the same patents but they are
20       new claims that weren't previously asserted, claims 815, 25, 29
21       to 33.
22                You told me they were going to try to resolve those by
23       agreement among -- between the two of you.  If these claims
24       contain certain new terms, you said, and we can't resolve that
25       by agreement, we may ask them to be construed.  We did not
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```

```
                                                                       22
     E8keintc
 1   anticipate seeing new claims asserted in the infringement
 2   contentions.
 3             I asked, why not, Mr. Lim?  Why now are there new
 4   claims?
 5             You told me you were able to gather additional
 6   information since we had the Markman hearing; based on the
 7   additional information you were able to gather from public
 8   sources, it created the need to assert the other claims.
 9             I said, I don't understand.  You've had these claims
10   in your possession and you have been studying them for a long
11   time.  Why now are there new claims?  I asked, what am I going
12   to do with these?
13             You said you were asked to identify specific claims
14   well before the Markman hearing.  It's not clear when you knew
15   by.  I said, you have to amend.  You have to amend your
16   complaint, right?  You said, this complaint does not specify
17   the specific claims.  We were only asked to identify the
18   asserted claims in a letter prior to the Markman proceedings.
19   So I don't think it will necessitate amendment to the
20   complaint.
21             You say -- you identify representative claim of
22   proceeding and not all the claims.  And I had a colloquy with
23   Mr. Nagy.
24             Mr. Nagy, you said that I asked the parties to
25   identify the claims so we could have a Markman hearing.  That
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                         23
       E8keintc
 1     was last October, 2013.  And I said, I asked to obtain
 2     something authoritative, not something slippery as the new
 3     claims come on.  And I expressed displeasure.
 4             You would like to make a motion, Mr. Lim?
 5             MR. LIM:  Yes, your Honor.
 6             THE COURT:  You're going to have to justify why now
 7     there should be new claims.  Otherwise, you'll be precluded.
 8             MR. LIM:  Yes, your Honor.
 9             THE COURT:  When are you going to make that motion?
10             MR. LIM:  Okay.  Will do.
11             THE COURT:  When?
12             MR. LIM:  Oh, when?  Sorry.  Next week, your Honor.
13             THE COURT:  Work out a briefing schedule with
14     Mr. Nagy.
15             MR. LIM:  Will do.
16             THE COURT:  We recess.
17             MR. NAGY:  Your Honor, should we stay here to confer?
18             THE COURT:  Yes, please.
19             (Recess)
20             MR. NAGY:  Your Honor, we've reached agreement on
21     some, not all, issues.  Can I start with what we've reached
22     agreement on?
23             THE COURT:  Give me one minute.  (pause)  Okay.
24             MR. NAGY:  Your Honor, your Honor proposed
25     September 30 as a date for completing all document productions
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

Case 1:13-cv-03777-AKH   Document 233-4   Filed 10/14/14   Page 14 of 15

```
                                                              24
     E8keintc
 1   and responses to interrogatories and supplemental contentions.
 2             THE DEPUTY CLERK:  Speak up.
 3             MR. NAGY:  Yes.  With respect to the September 30,
 4   proposal, your Honor, we are in general agreement on that date;
 5   and specifically, that by that date there would be -- all
 6   interrogatories would be answered, all documents would be
 7   produced by that date.
 8             There are a couple of categories of documents that we
 9   believe other dates apply to.  For example, September 5th for
10   e-mails, there's disagreement there.  But I'll come back to it.
11             And then finally, the contentions that I mentioned,
12   your Honor, the plaintiffs have agreed that by September 30
13   they will provide us with supplemental contentions that
14   identify all fill-in-the-blanks.  I said, identify all of the
15   specific products.
16             There is a caveat that we had a deadline, your Honor,
17   last week to complete our technical production.  Mr. Lim will
18   e-mail me early next week and identify for me what he believes
19   might be missing.  And I will then quickly produce to him
20   anything that, in fact, I do have that was not in the
21   production.  And with that understanding, your Honor, by
22   September 30 we will have contentions that we can rely on that
23   are specific, and those contentions will only be changed upon a
24   showing of cause so that we know it's reliable.  And if it so
25   happens that after September 30 we produce some document and
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                    25
     E8keintc
 1   they have to modify it, that's understandable.  But barring
 2   cause by September 30, we will have definitive reliable
 3   contentions.
 4            The disagreements, your Honor, begin with categories
 5   of documents.  So I thought your Honor said pretty clearly by
 6   September 5th we would have e-mails.  The plaintiffs want to
 7   push that back to September 30.  We are not agreeable, your
 8   Honor, both because we've waited so long already.  The
 9   plaintiffs pushed for production of most of our documents by
10   now.  They have our technical documents.  They had them last
11   week.  We cannot wait until September 30 before we get any
12   e-mails.  It's just --
13            THE COURT:  Mr. Lim?
14            MR. LIM:  We can start rolling production beginning on
15   September 5th.
16            THE COURT:  No.  If you want an extra week, I'll give
17   you an extra week.
18            MR. LIM:  That would be great, your Honor.
19            THE COURT:  September 12.
20            MR. NAGY:  Thank you, your Honor.
21            Second --
22            THE COURT:  What's going to happen by September 12?
23            MR. NAGY:  By September 12, your Honor, the plaintiffs
24   will have completed their production of e-mails, and they
25   have -- two weeks ago they told me they would give me a hit
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```